**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CHARLES R. LYNN,

    Plaintiff,

-v-                                       Case No.  8:07-CV-132-T-30TGW

JIM COATS, SHERIFF,
PINELLAS COUNTY, et al.,

    Defendants.
_____/

## ORDER

Plaintiff, an inmate in the Florida penal system proceeding *pro se*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1).  His complaint relates to events that occurred during his confinement at the Pinellas County Jail.

In the April 19, 2007 order granting his request to proceed *in forma pauperis*, the Court directed Plaintiff to either pay the $350.00 filing fee or complete and submit the enclosed Prisoner Consent Form and Financial Certificate within 15 days thereof.  *See* 28 U.S.C. § 1915(b); Rule 1.03(e) of the Local Rules of the United States District Court for the Middle District of Florida. The order, mailed to Plaintiff at his address of record, was apparently delivered to him because it has not been returned as undeliverable. *See Konst v. Florida East Coast Ry. Co.*, 71 F.3d 850, 851-52 (11th Cir. 1996) ("The common law has long recognized a rebuttable presumption that an item properly mailed was received by the addressee") (citing *Nunley v. City of Los Angeles,* 52 F.3d 792, 796 (9th Cir. 1995)). To date, Plaintiff has not complied with the Court's order.

Plaintiff was advised that no further action would be taken with regard to his complaint until the $350.00 filing fee or the Prisoner Consent Form and Financial Certificate

enclosed with its order is received by the Clerk. Plaintiff was further cautioned that failure to comply with the order within the allotted time would result in the dismissal of this action **without further notice**.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court can, in its own discretion, dismiss an action based on the failure of a plaintiff to prosecute or comply with any order of the court. *See Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962)*; Lopez v. Arkansas County Independent School District*, 570 F.2d 541 (5th Cir. 1978).[1] This power to dismiss may be exercised when necessary to achieve the orderly and expeditious disposition of cases. *Hejl v. State of Texas*, 664 F.2d 1273 (5th Cir.), *cert. denied*, 456 U.S. 933, *reh. denied*, 456 U.S. 1001 (1982). Petitioner's *pro se* status does not relieve him of complying with deadlines. *See Wayne v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir. 1999) ("Liberal construction does not mean liberal deadlines.").

There is nothing in the record indicating that any impediment exists which may have prevented Plaintiff from contacting the Court.. A case cannot be allowed to linger on the Court's docket indefinitely Inherent in this Court's responsibility to ensure every citizen's access to the courts is a duty to effectively and efficiently manage its limited judicial resources. Given the circumstances, lesser sanctions will not suffice. The dismissal will, however, be without prejudice. *See Betty K. Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333 (11th Cir. 2005) (discussing severity of dismissal with prejudice).

ACCORDINGLY, the Court **ORDERS** that:

1.   The complaint is **DISMISSED** without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

---

[1] Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. *See Bonner v. City of Pritchard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

      2.      The Clerk shall terminate any pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on May 18, 2007.

                                          */s/ James S. Moody, Jr.*
                                          JAMES S. MOODY, JR.
                                          UNITED STATES DISTRICT JUDGE

<u>Copy furnished to</u>:
*Pro se* Plaintiff
SA:jsh